UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TYRAN L. CHEEK and JOHNATHAN GONZALAEZ, Individually and on Behalf of All Other Persons Similarly Situated,

          Plaintiffs,

    v.

VIP CONCIERGE INC., CHAIM EICHLER and ABRAHAM GREENHUT, Jointly and Severally,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

Index. No.: 1:12-CV-4445 (JMA)

## ORDER AND FINAL JUDGMENT
## OF DISMISSAL OF CLASS ACTION WITH PREJUDICE

This matter came before the Court on the application of the parties for approval of the settlement set forth in the Stipulation and Settlement Agreement dated June 4, 2013 and the exhibits annexed thereto (the "Agreement") relating to the above-captioned class action. The Court having held a final Settlement Hearing on November 20, 2013 at 12:30 p.m. and considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, it is on this 14th day of March, 2014, HEREBY ORDERED THAT:

    1.    This Court has jurisdiction over the subject matter of this litigation, and over all parties to this litigation, including all members of the Class;

    2.    For purposes of this Order and Final Judgment, the Court adopts and incorporates the definitions set forth in the Agreement;

    3.    The Court hereby certifies, for the purposes of this settlement only, the following class under Federal Rule of Civil Procedure 23:

> All persons who are or were employed by defendants in the job title of "Concierge" at any time from September 5, 2006 to the entry of a Final Order and Judgment in this Lawsuit who worked more than forty (40) hours during at least one workweek. Any employee hired after June 19, 2013 is excluded from the class;

4. The Court hereby finds, for purposes of this settlement only, that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) and the predominance and superiority requirements of Rule 23(b)(3) have been met;

5. The Court hereby finds that plaintiffs' counsel, Bronson Lipsky LLP and Gottlieb & Associates, satisfy Rule 23(a)(4) and Rule 23(g), and confirms that they were appropriately appointed as Class Counsel;

6. The Court hereby approves the settlement set forth in the Agreement and finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Class in accordance with Rule 23(e) of the Federal Rules of Civil Procedure and 29 U.S.C. § 216, as appropriate, and directs implementation of all its terms and provisions, including from the Maximum Settlement Amount the payment of legal fees and expenses as Class Counsel to Plaintiffs' attorneys in the total amount of Eighteen Thousand Four Hundred Sixty Dollars and Eighty-Seven Cents ($18,460.87).

7. The Court hereby dismisses with prejudice and without costs the Lawsuit and all claims asserted therein.

8. No Class Members exercised their right to opt-out of the Class.

9. Plaintiffs and all other Class Members who have not properly and timely exercised their opt-out rights in this lawsuit, or have exercised their opt-in rights as appropriate, are hereby conclusively deemed to have released or discharged the Releasees from, and are permanently enjoined and barred from asserting, either directly or indirectly, against the Releasees, any and all claims as set forth fully in the Agreement. All such matters are hereby finally concluded, terminated and extinguished.

10. The notice given to Class Members fully and accurately informed the Class Members of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to Class Members, complying fully with Fed. R. Civ. P. 23, the Fair Labor Standards Act, 29 U.S.C. section 201, *et seq.*, the United States Constitution, and any other applicable laws, as appropriate.

11. Without affecting the finality of this judgment in any way, this Court hereby retains jurisdiction over consummation and performance of the Agreement.

12. The above-captioned action is hereby dismissed in its entirety, with prejudice to Plaintiffs and Class Members, and with no further award of attorneys' fees or costs or expenses by the Court, except as awarded herein.

SO ORDERED.

Dated: Brooklyn, New York
       March 14, 2014

_____/s/ (JMA)_____
The Honorable Joan M. Azrack, U.S.M.J.